UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

WELLS FARGO BANK, N.A.
    **PLAINTIFF**

v.

DANIELLE L. KANE and CHELSEA KANE AS PERSONAL REPRESENTATIVE TO THE ESTATE OF JOSEPH KANE
    **DEFENDANT**

**COMPLAINT FOR FORECLOSURE**
**PROPERTY ADDRESS: 3909 WEST RIVER ROAD, SIDNEY, ME 04330-2435**
**MORTGAGE RECORDED IN THE KENNEBEC COUNTY REGISTRY OF DEEDS IN BOOK 8939 AT PAGE 281**

    NOW COMES the Plaintiff, Wells Fargo Bank, N.A., by and through its attorneys, Brock & Scott, PLLC, and complains against the Defendants pursuant to 14 M.R.S.A. § 6321 et seq., saying further as follows:

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. This Court may declare the rights of all interested parties seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

3. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property at issue is located in Maine.

## PARTIES

3. Plaintiff, Wells Fargo Bank, N.A., is a National Association having a principal place of business located at 2701 Wells Fargo Way, Minneapolis, MN 55467.

4. Defendant Danielle L. Kane is an individual who, upon information and belief, is a resident of the State of Maine and is domiciled at 3909 West River Road, Sidney, ME 04330.

5. Chelsea Kane, as Personal Representative to the Estate of Joseph Kane, is a resident of the State of Maine and is domiciled at 25 Hudson Lane, Winthrop, ME 04364.

FACTS

6. Danielle L. Kane is the owner of certain real property located at 3909 West River Road, Sidney, Kennebec County, Maine (the "Premises") by virtue of two Abstracts of a Divorce Decree between Danielle L. Kane and the late Joseph Kane. The first was recorded in the Kennebec County Registry of Deeds on March 10, 2017 in Book 12552 at Page 154. The second was recorded in the Kennebec County Registry of Deeds on March 10, 2017 in Book 12552 at Page 155.

7. Danielle L. Kane originally obtained her interest in the Premises by virtue of two deeds from A. Lorraine Letourneau. The first deed was dated March 5, 1998, and was recorded in the Kennebec County Registry of Deeds on March 16, 1998 in Book 5568 at Page 143. The second deed was dated November 22, 2005 and was recorded in the Kennebec County Registry of Deeds on November 30, 2005 in Book 8708 at Page 145. A copy of the Legal Description for the Premises is attached hereto as Exhibit A.

8. Danielle L. Kane then transferred her interest in the portion of the Premises described in the deed recorded in Book 8708 at Page 145 in the Kennebec County Registry of Deeds to the late Joseph J. Kane and herself, as joint tenants, by virtue of a deed dated June 7, 2006, and recorded in the Kennebec County Registry of Deeds on June 14, 2006 in Book 8939 at Page 278 (the "Vesting Deed").

9. Joseph J. Kane died on June 21, 2015, and Chelsea Kane was appointed as Personal Representative for his Estate by the Kennebec County Probate Court.

10. On or about June 7, 2006, the late Joseph J. Kane executed and delivered to American Brokers Conduit, a certain promissory note in the original principal amount of $130,000.00 (the "Note"). Plaintiff is the current holder of the Note and is entitled to enforce the Note.

11. Notwithstanding that Plaintiff is the current holder of the Note, Plaintiff hereby certifies that the owner of the Note is Federal National Mortgage Association. A true and accurate copy of the Note with any Allonges is attached hereto as Exhibit B.

12. To secure the Note, on or about June 7, 2006, Danielle L. Kane and the late Joseph J. Kane, husband and wife executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit a mortgage (the "Mortgage") of the Premises, in the amount of $130,000.00, which Mortgage was recorded in the Kennebec County Registry of Deeds in Book 8939 at Page 281.

13. The Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit to Plaintiff by an Assignment of Mortgage dated

February 5, 2013, and recorded on February 6, 2013 in the Kennebec County Registry of Deeds.

14. The Mortgage was assigned from American Home Mortgage Corporation, doing business as American Brokers Conduit to Plaintiff by a Quitclaim Assignment of Mortgage dated February 23, 2017, and recorded on February 27, 2017 in the Kennebec County Registry of Deeds in Book 12542 at Page 343.

15. The Mortgage was assigned from Plaintiff to Federal National Mortgage Association by an Assignment of Mortgage dated March 2, 2017, and recorded on May 1, 2017 in the Kennebec County Registry of Deeds in Book 12590 at Page 152.

16. The Mortgage was assigned back to Plaintiff by Federal National Mortgage Association by an Assignment of Mortgage dated October 9, 2017, and recorded on October 11, 2017 in the Kennebec County Registry of Deeds in Book 12743 at Page 345. Said Assignment of Mortgage was executed by Plaintiff in reliance on a Power of Attorney dated September 17, 2014, and recorded in the Kennebec County Registry of Deeds on March 3, 2016 in Book 12237 at Page 226.

17. True and accurate copies of the Mortgage, Assignments of Mortgage, and referenced Power of Attorney are attached hereto as Exhibit C.

## COUNT I
## REFORMATION OF VESTING DEED AND MORTGAGE

18. Plaintiff hereby restates and re-alleges the allegations set forth in the above paragraphs one through seventeen, as if stated herein in full.

19. The Vesting Deed and the Mortgage inadvertently omitted from their respective legal descriptions the portion of the Premises described in the deed from A. Lorraine Letourneau dated March 5, 1998, was recorded in the Kennebec County Registry of Deeds on March 16, 1998 in Book 5568 at Page 143.

20. Upon information and belief, it was at all relevant times the intent of the Defendant and the late Joseph J. Kane to execute, and for the original mortgagee to accept, a mortgage for the Premises as described in the accompanying Exhibit A.

## COUNT II
## FORECLOSURE OF MORTGAGE

21. Plaintiff hereby restates and re-alleges the allegations set forth in above paragraphs one through twenty, as if stated herein in full.

22. The Note and Mortgage are presently in default, as the monthly payment due September 1, 2016, and all payments due thereafter, have not been made.

23. In compliance with 14 M.R.S.A. §6111 and/or the terms of the Mortgage, Plaintiff, its predecessor or its servicer gave Notice of Default to all signatories of the Note and Mortgage.

24. The default has not been cured, and in accordance with the terms of the Note and Mortgage, Plaintiff has declared the entire outstanding principal amount, accrued interest thereon, and all other sums due under the Note and Mortgage to be presently due and payable.

25. As of May 31, 2024, the principal balance due to Plaintiff under the terms of the Note and Mortgage is $121,264.67. Additional interest continues to accrue on said principal balance at a rate of $14.54 per day, plus costs of collection, including reasonable attorney's fees and costs.

26. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

27. By virtue of the breach of condition, Plaintiff hereby demands a foreclosure and sale of the Premises.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Determine that the omissions from the legal description in the Vesting Deed and the Mortgage were the result of inadvertent error;

B. Determine that, upon finding of such inadvertent error, the Vesting Deed and Mortgage are reformed to replace the legal description therein with the legal description as described in Exhibit A, attached hereto; and,

C. Determine that there has been a breach of condition of the Mortgage;

D. Determine the amounts due under the Note and secured by the Mortgage, including principal, interest, reasonable attorney's fees, court costs and other expenses;

E. Issue a Judgment of Foreclosure and Sale in conformity with Title 14, M.R.S.A. § 6322;

F. Order exclusive possession of the real estate to Plaintiff upon the expiration of the statutory ninety (90) day period of redemption and direct the clerk to issue a Writ of Possession at the request of Plaintiff; and,

G. Grant such other and further relief as the Court may determine proper.

Dated: July 24, 2024

Respectfully,

/s/ Peter R. Andrinas
Atty. Peter R. Andrinas, Bar No. 006227
BROCK & SCOTT, PLLC
30 Danforth Street
Suite 104
Portland, ME 04101
Phone: (401) 217-8701
Fax: (401) 217-8702
ME_Court_Mailings@brockandscott.com