UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>               Plaintiff<br>  v.<br><br>DANIELLE L. KANE<br>and<br>CHELSEA KANE AS PERSONAL REPRESENTATIVE TO THE ESTATE OF JOSEPH KANE,<br><br>               Defendants | Case No. 1:24-cv-000263-LEW |

**DEFENDANT DANIELLE L. KANE'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT FOR FORECLOSURE**

NOW COMES Defendant Danielle L. Kane ("Danielle"), through counsel, and moves to dismiss Count I of the Complaint for Foreclosure (ECF No. 1) (the "Complaint") filed by Plaintiff Wells Fargo Bank, N.A. (the "Bank"). Count I of the Complaint seeks reformation of the deed between Danielle and her deceased former husband and reformation of the mortgage that is the subject of the Bank's foreclosure claim. The Bank's reformation claims are time-barred because they were brought well beyond the applicable six year statute of limitations. Additionally, the Bank lacks standing to pursue the reformation of deed claim because it was not a party to the deed.

**BACKGROUND**

The Complaint alleges as follows: Danielle obtained her interest in 3909 West River Road, Sidney, Kennebec County, Maine (the "Premises") by virtue of a deed from A. Lorraine Letourneau dated March 5, 1998 (the "1998 Deed") and another deed from A. Lorraine Letourneau dated November 22, 2005 (the "2005 Deed"). Complaint at ¶¶ 6 & 7, Ex. A. She

1

then transferred her interest in one portion of the Premises to the late Joseph J. Kane ("Joseph") and herself as joint tenants by virtue of a deed dated June 7, 2006 (the "Vesting Deed"). *Id.* at ¶ 8. Danielle and Joseph executed a mortgage to secure a $130,000 Note on June 7, 2006 (the "Mortgage") that encumbered the property described in the Vesting Deed. *Id.* at ¶12, Ex. C.

Plaintiff alleges the Vesting Deed and Mortgage "inadvertently omitted" the description from the 1998 Deed and that Danielle and Joseph intended to mortgage the premises described in Exhibit A to the Complaint (which includes the description from both the 1998 Deed and the 2005 Deed). *Id.* at ¶¶19-20, Ex. A. Plaintiff seeks by way of Count I to reform both the Vesting Deed and Mortgage to include the description from the 1998 Deed.

## ARGUMENT

**A.     The Bank's reformation claims are barred by the six year statute of limitations.**

Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6), provided that "the facts establishing the defense [are] clear on the face of the plaintiff's pleadings*." Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 197 (1st Cir. 2001) (quoting *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 591 (1st Cir. 1989). The face of the Plaintiff's pleadings here makes it clear the reformation claims are barred by the statute of limitations.

Both the Vesting Deed and the Mortgage were executed on June 7, 2006. Complaint at ¶¶ 8, 12, Ex. C. The Bank's Complaint was filed 18 years later on July 24, 2024. A reformation claim is equitable in nature. *See Tibbetts v. Pelotte*, 427 A.2d 956 (Me. 1981) (discussing equitable nature of reformation of deed claim tried by implied consent). Pursuant to 14 M.R.S. § 752, "all civil actions, *including equitable claims*, must be commenced within six years after the cause of action accrues, unless a more particularized statute applies." *United States Bank Nat'l*

2

*Ass'n v. Adams*, 2014 ME 113, ¶ 4, 102 A.3d 774 (2014) (emphasis added); *Bowden v. Grindle*, 651 A.2d 347, 350 n.1 (Me. 1994). *See also Bank of N.Y. Mellon v. King*, RE-16-54, slip op. at 5-7, (Me. Super. Ct., York Cty., Aug. 27, 2018) (finding the statute of limitations in 14 M.R.S. § 752 bars a reformation of mortgage claim brought more than 6 years after a mortgage is signed). Here, there is no "more particularized statute" that applies to this type of action.

A cause of action accrues when "a party suffers a judicially cognizable injury." *Dunelawn Owners' Ass'n v. Gendreau*, 2000 ME 94, ¶ 11, 750 A.2d 591. The alleged injury occurred in this instance on June 7, 2006, when the Vesting Deed and Mortgage were signed. *See Bank of N.Y. Mellon,* RE-16-54, at 6 (citing *Jarzombek v. Ramsey*, 534 S.W.3d 534 (Tex. App. 2017); *Law v. Law Co. Bldg. Assocs.*, 295 Kan. 551, 576, 289 P.3d 1066, 1081 (2012); *Sams v. Nolan*, No. 1326, 1987 Ohio App. LEXIS 7980, at *7-8 (Ct. App. July 1, 1987); *Beynon Bldg. Corp. v. Nat'l Guardian Life Ins. Co.*, 118 lll. App. 3d 754, 762, 74 Ill. Dec. 216, 222, 455 N.E.2d 246, 252 (1983*); Barnes v. Barnes*, 157 Tenn. 332, 333, 8 S.W.2d 481 (1928)). The reformation claims are time-barred by the six year statute of limitations in 14 M.R.S. § 752. The latest these claims could have been filed to avoid a statute of limitations defense would have been June 7, 2012. The claims are over 12 years too late.

**B.      The Bank also lacks standing to reform the Vesting Deed.**

In considering a motion to dismiss for lack of standing, the Court accepts "as true all well-pleaded factual averments in the plaintiff's . . . complaint and indulge all reasonable inferences therefrom in his favor." *Deniz v. Mun'y of Guaynabo,* 285 F.3d 142, 144 (1st Cir. 2002). A similar standard of review obtains for motions to dismiss under Rule 12(b)(6). *See Nisselson v. Lernout,* 469 F.3d 143, 150 (1st Cir. 2006).

Standing doctrine comprises a mix of constitutional and prudential criteria. *See Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 124 S.Ct. 2301, 2308, 159 L.Ed.2d 98 (2004); *N.H. Right to Life PAC v. Gardner,* 99 F.3d 8, 13 (1st Cir.1996). The constitutional core of standing requires that a plaintiff make a tripartite showing that demonstrates: (1) plaintiff has suffered an injury in fact, (2) that such injury is fairly traceable to the disputed conduct, and (3) that the relief sought promises to redress the injury sustained. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Gardner,* 99 F.3d at 13. The party seeking to invoke the federal court's jurisdiction bears the burden of pleading and proof on each step of the standing pavane. *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130.

The Bank was not a party to the Vesting Deed. The Bank did not suffer an injury by the execution of the Vesting Deed. It is unclear how any claimed injury of the Bank can be redressed by reforming the Vesting Deed. The Bank lacks standing to pursue the reformation of deed claim.

**WHEREFORE**, Defendant Danielle L. Kane respectfully requests the Court dismiss Count I of the Complaint with prejudice and grant such other and further relief as the Court deems just.

ATTORNEY FOR DEFENDANT
DANIELLE L. KANE.

Date: October 31, 2024                   /s/    Matthew J. Williams
Matthew J. Williams, Esq.
Maine Bar No. 4479
HODSDON WILLIAMS & CARON
56 Portland Road
Kennebunk, ME 04043
(207) 985-6184
mjw@kennebunklaw.com

mjw/S:\Matt\Documents\clients\civ\Kane, Daneille (foreclosure 2nd)\motion to dismiss.doc