UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00263-LEW |
| | ) | |
| DANIELLE L. KANE & CHELSEA KANE | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Wells Fargo Bank is the current holder of a promissory note secured by Defendant Danielle Kane's mortgage of her property. In dispute is how much of Danielle's property the mortgage covers. Wells Fargo seeks reformation of the mortgage and underlying deed to include all of the property. Before the Court is Plaintiff's Motion to Dismiss (ECF No. 7) the reformation claim. After careful review of the pleadings and motion papers, and with the benefit of oral argument, Defendant's Motion is granted.

## BACKGROUND[1]

Decades ago, Danielle Kane came to own the property of 3909 West River Road in Kennebec by way of two deeds. One deed conveyed a parcel containing Danielle's current home. The other deed conveyed a parcel containing an orchard. Originally the sole owner,

---

[1] This background is drawn from the Complaint (ECF No. 1), Defendant Danielle Kane's Motion to Dismiss (ECF No. 7), Plaintiff's Response in Opposition (ECF No. 9), Defendant's Response (ECF No. 10), and oral arguments heard on May 9. Because of their shared surname, I refer to Defendants by their first names.

Danielle later executed the "vesting deed" that transferred a portion of her interest to her then-husband Joseph.  At the same time, Joseph executed a promissory note with a brokerage.  To secure the note, Danielle and Joseph executed a mortgage of their property.  Neither the vesting deed nor the mortgage includes a legal description of the home parcel.  They include only the description of the orchard parcel.

Fifteen years ago, Danielle and her husband divorced.  The Divorce Judgment provided that Danielle would "be responsible for the mortgage on the marital home to Wells Fargo."  Divorce J. (ECF No. 9-1 at 2).  In 2015, Joseph passed away.  In 2016, Danielle Kane defaulted on the mortgage.  Through a series of assignments, Wells Fargo now holds the note and has come to collect.  It initiated a foreclosure action against Danielle Kane and the executor of Joseph's estate, Chelsea Kane.  Chelsea has since defaulted.  Order Granting Mot. for Entry of Default (ECF No. 14).

Before foreclosing, Wells Fargo would like this Court to reform the vesting deed and mortgage to encompass both the home and orchard parcels rather than just the orchard parcel.  It maintains that the loan papers were intended to encompass the entire property and that the encumbrance of only a portion of the property was a mutual mistake.  Danielle now moves to dismiss Wells Fargo's reformation claim.

## DISCUSSION

Danielle argues that the applicable statute of limitations bars Wells Fargo from bringing its reformation claim.  An affirmative defense, such as the statute of limitations, "may be raised in an action for failure to state a claim."  *Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001).  Danielle must show the facts establishing her statute of

limitations defense are "obvious on the face of [Wells Fargo's] pleadings." *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 592 (1st Cir. 1989). "[T]he Complaint, together with any other documents appropriately considered [at the motion to dismiss stage], must 'leave no doubt' that the plaintiff's action is barred by the asserted defense." *Blackstone*, 244 F.3d at 197 (quoting *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998)).

The parties' arguments on whether the claim is time-barred boil down to arguments over which statute of limitations applies here. Danielle submits it is 14 M.R.S.A. § 752, which provides "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues." Wells Fargo insists it is 14 M.R.S.A. § 751, which gives a twenty-year limitation for "personal actions on contracts or liabilities under seal, promissory notes . . . or on the bills, notes, or other evidences of a debt issued by a bank." Wells Fargo's Complaint makes it clear that the allegedly mistaken vesting deed and mortgage were signed eighteen years before this case began and, it argues, that is when the limitations clock began ticking. *See McNicholas v. Bicford*, 612 A.2d 866, 869 (Me. 1992) ("An injured party's cause of action accrues when the party suffers a judicially cognizable injury."). If the six-year statute of limitations applies, Wells Fargo has no reformation claim.

I agree with Danielle that the six-year statute of limitations applies here. Reformation of a deed is an equitable remedy. *Tibbetts v. Pelotte*, 427 A.2d 956 (Me. 1981). "[A]ll civil actions, including equitable claims, must be commenced within six years after the cause of action accrues, unless a more particularized statute applies." *United*

*States Bank Nat'l Ass'n v. Adams*, 102 A.3d 774, 776 (Me. 2014) (citing 14 M.R.S.A. § 752). Section 751, however, is not a more particularized statute. In *Adams*, the Maine Law Court rejected the argument that equitable claims based on an underlying note and mortgage were subject to Section 751's twenty-year limitation period. *Id.* at 776 n.2 (denying lender's claim for an equitable lien against joint tenant who did not sign note or mortgage). There, the note could not be enforced against the joint tenant who was not a signatory of the note. Here, in contrast, Wells Fargo seeks to enforce a note and mortgage, but to do so through equitable reformation of the same. Still, I agree with Danielle that the claim, although based on a note and mortgage, is an equitable claim subject to the six-year statute of limitations.

Wells Fargo attempts to distinguish *Adams* as applying the six-year statute of limitations only because the plaintiff in *Adams* brought an equitable lien claim instead of a foreclosure claim. In Wells Fargo's view, because it seeks foreclosure alongside its equitable reformation claim, the reformation claim is a foreclosure action entitled to the twenty-year statute of limitations. Not so. Reformation is separate from foreclosure and is subject to the six-year statute of limitations. *See Bank of N.Y. Mellon v. King*, 2018 Me. Super. LEXIS 124, at *6 (applying six-year statute of limitations to reformation claim brought alongside foreclosure action); *U.S. Bank US Bank Tr. Nat'l Ass'n v. Tenpenny*, 659 F. Supp. 3d 62, 76-77 (D. Me. 2023) ("The real issue is whether a claim for reformation of mortgage constitutes a 'personal action[ ] on' the [mortgage] for purposes of section 751. I conclude that it does not because courts have, not surprisingly, construed "personal action[ ] on" a mortgage to include only proceedings enforcing a mortgage, rather than any

4

action that relates to a mortgage.") (citations omitted).[2]  I also observe that the Maine Supreme Court has uncritically upheld application of the six-year statute of limitation to an equitable claim by a party to a deed who sought recission, merely remanding the question of whether the six-year statute was met to the trial court for its resolution based on evidence of the claimant's diminished capacity.  *Bowden v. Grindle*, 651 A.2d 347, 351 (Me. 1994).

Wells Fargo raises a last-ditch effort to preserve its reformation claim by arguing Danielle is judicially estopped from raising a statute of limitations defense.  "[J]udicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'"  *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russel v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).  In Maine, judicial estoppel requires: "(1) the position asserted in the [present] action must be clearly inconsistent with a previous position asserted; (2) the party in the previous action must have successfully convinced the court to accept the inconsistent position; and (3) the party must gain an unfair advantage as a result of their change of position in the subsequent action."  *Linnehan Leasing v. State Tax Assessor*, 898 A.2d 408, 414 (Me. 2006).[3]

---

[2] Wells Fargo contends that applying the six-year statute of limitations to reformation claims brought alongside a foreclosure action would create absurd results.  The bank argues in this case that to hold the reformation claim time barred would leave the mortgage ambiguous as to what property it encumbered and the Court unable to continue with the foreclosure.  I am unconvinced that is a certainty.  The bank may, after all, simply foreclose on the orchard parcel.  But even if I accept this divined result as the end-all-be-all, I do not think it requires that I eschew the plain language of 14 M.R.S.A §§ 751-52 and state court precedent.  Equitable remedies are subject to the six-year statute of limitation.  No statutory language or interpretations suggests an exception where time-barring equitable remedies impacts other claims.

[3] Federal law generally only requires the first two elements.  *See Guay v. Burack*, 677 F.3d 10, 16 (1st Cir. 2012).  For a diversity case, such as this one, there is "a legitimate question as to whether federal or state law" applies with respect to judicial estoppel.  *Alternative Sys. Concepts*, *Inc. v. Synopsys*, *Inc.*, 374 F.3d
*(continued next page)*

I am not persuaded that judicial estoppel is appropriate here. Wells Fargo's argument focuses on Danielle's Divorce Settlement Agreement requiring that she "be responsible for the mortgage on the marital home." Divorce J. at 2. This alone does not show that Danielle *asserted* that the mortgage covered her residence throughout the divorce proceedings. Nor does it show she convinced the court to accept that position. *See Brewer v. Madigan*, 945 F.2d 449, 455 (1st Cir. 1991) ("[J]udicial estoppel . . . prevent[s] a party from taking a position inconsistent with one successfully and unequivocally asserted by that same party in a prior proceeding."). The pleadings do not reveal that the division of marital property required Danielle and Joseph to take opposing views over the metes and bounds of the mortgaged property. At best, the divorce judgment shows that all of the parties involved assumed the mortgage covered Danielle's home parcel. This is evidence that there may have been a mutual mistake in the vesting deed and mortgage, but it does not indicate judicial estoppel is warranted. I decline here to estop Danielle from raising a statute of limitations defense.[4]

---

23, 32 (1st Cir. 2004). I need not determine which applies here because, under either standard, Wells Fargo has not shown judicial estoppel is warranted.

[4] Danielle also argues that Wells Fargo lacks standing to reform the vesting deed because it was a non-party to the document. Standing is traditionally a threshold jurisdictional inquiry, but I need not address it having found dismissal is warranted on statute of limitations grounds. *See Sierra Club v. Larson*, 2 F.3d 462, 466 (1st Cir. 1993) ("There is ample precedent for by-passing jurisdictional objections when the court can more easily dismiss on the merits.").

## CONCLUSION

Wells Fargo's claim to reform the vesting deed and mortgage is time-barred by 14 M.R.S. § 751.  Accordingly, Defendant's Motion to Dismiss (ECF No. 7) is GRANTED. Plaintiff's Reformation Claim (Count I) is DISMISSED.

**SO ORDERED.**

Dated this 12th day of June, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge